IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

---------------------------------------------------------------x
B&B MANUFACTURING, INC., : Case No. 3:21-cv-052
        Plaintiff, :
         :
v. :
         :
THE UNITED STATES VIRGIN ISLANDS, :
        Defendant. :
---------------------------------------------------------------x

## COMPLAINT

Plaintiff, B&B MANUFACTURING, INC., by and through its undersigned counsel, sues THE UNITED STATES VIRGIN ISLANDS ("USVI") and alleges as follows:

### NATURE OF THE CASE & INTRODUCTION

1. In *Reefco Services* this Court held that the Virgin Islands excise tax statute – 33 V.I.C. § 42 violated the Commerce Clause, that any excise tax assessed under Section 42 was improperly assessed, and that Reefco was entitled to a refund of those taxes. *Reefco Servs., Inc. v. Gov't of Virgin Islands*, 2018 WL 4690366, at *7 (D.V.I. Sept. 28, 2018). The Third Circuit affirmed this Court's central holding ("that the Section 42--as interpreted and enforced by the GVI--violates the Commerce Clause"). *See Reefco Servs., Inc. v. Gov't of Virgin Islands*, 830 F. App'x 81, 83 (3d Cir. 2020) ("we will affirm the District Court's award of declaratory, injunctive, and monetary relief").

2. Plaintiff now sues the Defendant for a refund of the excises that it paid to the Defendant during the years where the Defendant was interpreting and enforcing Section 42 in an unconstitutional manner.

### JURISDICTION, VENUE, & STANDING

3. This Court has jurisdiction over this action pursuant to 48 U.S.C. § 1612(a), and 28 U.S.C. § 1331.

1

4.      Venue is proper under 28 U.S.C. § 1391 in this Court as the Defendant resides in this division.

5.      Plaintiff has Article III standing as it was deprived of its money by virtue of paying an unconstitutional tax.

## THE PARTIES

6.      The USVI was created through the enactment of the Revised Organic Act (48 U.S.C. § 1541 *et. seq.*) and is otherwise *sui juris.*

7.      Plaintiff is a juridical entity, formed under the laws of the USVI, and is otherwise *sui juris.*

## BACKGROUND

**USVI Excise Tax**

8.      In 1959, the Legislature of the Virgin Islands imposed a territorial excise tax, codified at 33 V.I.C. § 42, on goods imported into the Virgin Islands. The law did not impose an excise tax on goods produced in the Virgin Islands.

9.      On August 24, 1984, this Court held, *inter alia*, that the territorial excise tax violated the Commerce Clause of the United States Constitution because it discriminated against interstate and foreign commerce. *JDS Realty Corp. v. Government of the Virgin Islands*, 593 F. Supp. 199 (D.V.I. 1984). The Third Circuit affirmed. *See JDS Realty Corp. v. Government of the Virgin Islands*, 824 F.2d 256 (3d Cir. 1987) (vacated for mootness in 1988).

10.     While the appeal in *JDS Realty* was pending, the Legislature of the Virgin Islands, through Act 4994, amended Section 42 by expanding its scope and imposing the excise tax on goods manufactured in the Virgin Islands in addition to imported goods. Act 4994 also amended

Section 42a by requiring the Defendant to promulgate rules for the valuation of, and payment of the excise tax on, goods manufactured in the Virgin Islands.

11. Notwithstanding the amendments in Act 4994, the Defendant never collected the excise tax imposed on goods produced locally nor did it purport to promulgate the regulations required by Section 42a until February 2019.

**The Defendant's Unconstitutional Actions**

12. Glenford Hodge was (and upon information and believe still is) Supervisor of Excise Tax for the Virgin Islands Bureau of Internal Revenue.

13. Glenford Hodge testified in his official capacity as Supervisor of Excise Tax for the Virgin Islands Bureau of Internal Revenue as follows:

> Q. How do you process merchandise that's not imported?
> [Hodge]. If it's not imported, then there's no reason for us to process it.
> Q. You don't charge a tax on products that aren't imported into the --
> [Hodge]. We have no basis to charge a tax on something that's not imported into the territory.
> Q. Okay. So if somebody were to make--Well, beer is an item that has an excise tax, correct?
> [Hodge]. Yes, sir.
> Q. So a local brewer doesn't pay an excise tax to your office?
> [Hodge]. Excise tax is collected on items imported into the territory.
> Q. Okay. So the same item, if it were made here and not brought in, that has nothing to do with your office?
> [Hodge]. If it wasn't imported, then you would have not generated a bill f laden. So we have -- we don't. We don't.

*Reefco Servs., Inc. v. Gov't of Virgin Islands*, case no. 3:14-cv-110 (DVI) at ECF No. 75, Exh. 1 at 23:18-24:14.

14. At all relevant times hereto (i.e. before November 15, 2018), the "Defendant continue[d] to implement the pre-1984 statute that the Third Circuit held was invalid under the Commerce Clause." *Reefco*, 2018 WL 4690366, at *6.

15. On September 28, 2018, this Court of the Virgin Islands in *Reefco Services, supra,* held that the Defendant was still violating Commerce Clause principles because it continued to impose the territorial excise tax on imports while at the same time failing to promulgate regulations and collect the tax on goods produced locally.

16. This Court also ordered the Defendant to pay Reefco a refund of certain excise taxes Reefco had paid on its imports.

17. Notwithstanding the Court's judgment, the USVI persisted in collecting the excise tax on imported goods only.

18. Consequently, on November 15, 2018, the District Court enjoined the Defendant from collecting the excise tax unless and until the Court was satisfied that the Defendant would do so in a manner that does not violate Commerce Clause principles. *Reefco Servs., Inc. v. Gov't of Virgin Islands*, 2018 WL 6173878 (D.V.I. Nov. 26, 2018).

**The Plaintiff**

19. Plaintiff operates a building supply store on the Islands of St. Thomas.

20. Plaintiff manufactures, and supplies, a good portion of the corrugated roofing, in the Territory.

21. In the course of the Plaintiff's operations, it regularly imports items from outside of the USVI.

22. For the time period at issue (2016 – 2018) the Defendant imposed the Section 42 excise tax on the Plaintiff's imported goods in violation of the Commerce Clause.

23. The Plaintiff paid the excise tax to the Defendant as evidenced by Form 721VI ("Excise and Contained Tax Return").

4

24. During the time period at issue the Defendant collected over a hundred thousand dollars from the Plaintiff.

## CLAIM FOR RELIEF

### COUNT 1 (REFUND OF EXCISE TAXES)

25. Paragraphs 1 through 24 are realleged and incorporated herein.

26. The Plaintiff filed its $116,260.95 claim for refund (Form 843 EX-V.I.) for the 1/22/18 – 10/27/18 time period on December 17, 2020. A copy of the December 17, 2020 claim for refund is attached hereto as Composite Exhibit 1.

27. Defendant has not disallowed or disputed the December 17, 2020 claim for refund.

28. No legal reason exists why the Defendant does not owe the Plaintiff its excise tax refund for the 1/22/18 – 10/27/18 time period.

29. No legal reason exists why the Defendant is not liable to the Plaintiff for its failure to refund the Plaintiff's overpayment of excise taxes as stated in the Plaintiff's December 17, 2020 claim for refund.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Court:

A. Enter judgment against Defendant in favor of the Plaintiff;

B. Award the Plaintiff its refund of excise taxes paid for each respective count;

C. Award Plaintiff reasonable attorneys' fees and costs of suit,

D. Award Plaintiff pre-judgment interest at the statutory rate for each respective count;

E. Award Plaintiff post-judgment interest at the statutory rate for each respective count; and

F. Grant such additional and further relief as the Court deems proper and just.

Respectfully Submitted,

By: /s/ Joseph A. DiRuzzo, III            Dated June 18, 2021
Digitally signed by /s/ Joseph A. DiRuzzo, III
Date: 2021.06.18 13:19:05 -04'00'

Joseph A. DiRuzzo, III
USVI Bar No. 1114
DiRuzzo & Company
401 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, Florida 33301
954.615.1676 (O)
954.827.0340 (F)
jd@diruzzolaw.com

-and-

Michael L. Sheesley, P.C.

s/Michael L. Sheesley
Michael L. Sheesley
V.I. Bar #1010
P.O. Box 307728
St. Thomas, VI 00803
Telephone: (412)972-0412
michael@sheesley-law.com