DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE: EXCISE TAX LITIGATION | |
| | |
| PSMT, LCC,<br>　　　　　Plaintiff,<br>　　v.<br>THE GOVERNMENT OF THE VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, and JOEL A. LEE IN HIS CAPACITY AS DIRECTOR OF INTERNAL REVENUE,<br>　　　　　Defendants. | Case No. 3:19-cv-0118 |
| APEX CONSTRUCTION, INC.,<br>　　　　　Plaintiff,<br>　　v.<br>THE UNITED STATES VIRGIN ISLANDS,<br>　　　　　Defendant. | Case No. 3:21-cv-0039 |
| BLUEWATER CONSTRUCTION, INC.,<br>　　　　　Plaintiff,<br>　　v.<br>THE UNITED STATES VIRGIN ISLANDS,<br>　　　　　Defendant. | Case No. 3:21-cv-0040 |
| MSI BUILDING SUPPLIES, INC.,<br>　　　　　Plaintiff,<br>　　v.<br>THE UNITED STATES VIRGIN ISLANDS,<br>　　　　　Defendant. | Case No. 3:21-cv-0041 |
| UNITED CORPORATION,<br>　　　　　Plaintiff,<br>　　v.<br>THE UNITED STATES VIRGIN ISLANDS,<br>　　　　　Defendant. | Case No. 3:21-cv-0043 |

| | |
|---|---|
| **IMPEX TRADING INTERNATIONAL, INC.,** ) | |
| Plaintiff, ) | **Case No. 3:21-cv-0044** |
| v. ) | |
| **THE UNITED STATES VIRGIN ISLANDS,** ) | |
| Defendant. ) | |
| ) | |
| **B&B MANUFACTURING, INC.,** ) | |
| Plaintiff, ) | **Case No. 3:21-cv-0052** |
| v. ) | |
| **THE UNITED STATES VIRGIN ISLANDS,** ) | |
| Defendant. ) | |

## ORDER

**BEFORE THE COURT** are several motions to dismiss for lack of subject matter jurisdiction, filed by the Government of the Virgin Islands ("GVI") in each of the above-captioned matters. These cases vary in their particulars but largely share the same nexus of operative facts, and the motions to dismiss make correspondingly identical arguments. Therefore, for the reasons set forth herein, the Court will consolidate these cases for purposes of the motions to dismiss for lack of subject matter jurisdiction and refer their disposition to the magistrate judge to issue a report and recommendation.

These matters stem from the Court's holding in *Reefco Services, Inc. v. Government of the Virgin Islands*, Case No. 3:14-cv-0110. Therein, on October 7, 2020, the Third Circuit issued an opinion affirming this Court's declaratory and monetary relief ordered on September 28, 2018. The Third Circuit further affirmed in part this Court's November 26, 2018 Memorandum Opinion insofar as the Memorandum Opinion enjoined the Government of the Virgin Islands from collecting excise taxes from importers, but not local manufacturers. The Third Circuit, however, vacated the portion of the November 26, 2018 Order requiring this Court's approval of the Government of the Virgin Islands' promulgated rules and regulations, and remanded this matter for further proceedings as to whether the excise tax has been assessed against local manufacturers.

Thereafter, this Court held evidentiary hearings on December 9, 2020, and March 9, 2021. Following each respective hearing, the Court partially lifted the injunction against the GVI to the extent that it enjoined them from collecting excise taxes against local

manufacturers only, then later lifted the injunction altogether allowing the GVI to collect excise taxes from all manufacturers. In the time since, the GVI has resumed collecting excise taxes from importers and Virgin Islands manufacturers alike.

Now, Plaintiffs, each an importer of goods into the Virgin Islands, generally allege that the GVI wrongly collected excise taxes from each plaintiff prior to November 26, 2018, in violation of the Commerce Clause of the United States Constitution, and thus are entitled to a refund of those taxes paid. *See generally, e.g., Impex Trading Int'l, Inc. v. The United States Virgin Islands*, Case No. 3:21-cv-0044, ECF No. 1. The GVI has moved to dismiss each complaint, generally arguing that the plaintiffs lack standing because they have failed to allege a substantially similar competitor who benefitted from the discriminatory tax scheme, and that the doctrine of comity dictates that this Court should defer to the Superior Court of the Virgin Islands in resolving these matters. *See generally, e.g., id.* at ECF No. 11. Plaintiffs disagree, arguing that the Court does, in fact, have jurisdiction, that Plaintiffs have standing, and that GVI should be collaterally estopped from asserting that it does not owe Plaintiffs refunds of their excise taxes paid prior to November 26, 2018. *See generally, e.g., id.* at ECF No. 13.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). It is clear to the Court that each of the above-captioned matters share a catena of common facts and relevant law, evinced by the substantively identical complaints and motions filed in each individual case. Accordingly, the Court will consolidate these matters for the purpose of addressing each motion to dismiss simultaneously to avoid unnecessary delay. Moreover, the Court will exercise its authority pursuant to Fed. R. Civ. P. 72(b) to refer this matter to the magistrate judge for a report and recommendation on the consolidated motions to dismiss for the same reason.

The premises considered, it is hereby

**ORDERED** that the above captioned matters are **CONSOLIDATED** for the purpose of addressing the pending motions to dismiss in each respective case. Any subsequent Order

*In re: Excise Tax Litigation*
ORDER
Page 4 of 4

addressing these motions shall be issued on the docket of each individual case bearing the caption of all cases. And it is further

      **ORDERED** that the consolidated motions to dismiss are **REFERRED** to Magistrate Judge Ruth Miller to issue a Report and Recommendation for the disposition of these motions consistent with Fed. R. Civ. P. 72(b).

**DATED:** November 18, 2021                                  */s/ Robert A. Molloy*
                                                                                **ROBERT A. MOLLOY**
                                                                                **Chief Judge**